IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BAYER HEALTHCARE
PHARMACEUTICALS, INC., et al.,

     Plaintiffs,

v.

RIVER'S EDGE PHARMACEUTICALS,
LLC, et al.,

     Defendants.

CIVIL ACTION FILE NO.:
1:11-CV-1634-HLM

## ORDER

This case is before the Court on the First Motion for Leave to

File Excess Pages for Their Motion for Summary Judgment Brief

("Motion to File Excess Pages") filed by Defendants [252], on

Plaintiffs' Motion for Summary Judgment on Defendants' Equitable

Defenses of Estoppel, Equitable Estoppel, Unclean Hands and

Patent Misuse ("Motion for Summary Judgment on Equitable

Defenses") [256], on Defendants' Motion for Summary Judgment

[257], on Plaintiffs' Motion to Strike Claim Constructions and New Invalidity Defenses Disclosed for the First Time in Defendants' Expert Reports ("Plaintiffs' Motion to Strike") [261], on Plaintiffs' Motion to Exclude Defendants' Patent Law Expert Dr. Robert T. Hrubiec ("Plaintiffs' Motion to Exclude") [314], on Defendants' Motion to Exclude Expert Opinion and Testimony of John Jarosz ("Defendants' Motion to Exclude Jarosz") [320], on Defendants' Motion to Exclude Expert Opinion and Testimony of Randall Wickett, Ph.D. ("Defendants' Motion to Exclude Wickett") [321], on Defendants' Motion to Strike the Testimony of Dr. Bowman and All Opinions Based on His Testimony ("Defendants' Motion to Strike Bowman") [322], on Plaintiffs' Motion for Leave to File Under Seal Plaintiffs' Reply to Correct Material Misstatements in Defendants' "Objection" to Plaintiffs' Notice of Changed Circumstances and Exhibits 1-2 to the Declaration of Christin M. Sullivan, Esq. ("Motion for Leave to File Under Seal Reply") [324], on Plaintiffs' Motion for

2

Leave to File Under Seal Plaintiffs' Submission to Correct Defendants' Misrepresentations to the Court Concerning the Deposition Transcript of Dr. Joel Zatz and the Exhibits to the Declaration of Hassen A. Sayeed, Esq. in Support Thereof ("Motion for Leave to File Under Seal Submission") [330], on Defendants' Motion for Leave to File Supplemental Briefs and Preclude Evidence of Secondary Considerations [341], on Plaintiffs' Motion for Leave to File Under Seal Plaintiffs' Opposition to Defendants' Motion for Leave to File Supplemental Briefs and Preclude Evidence of Secondary Considerations ("Motion for Leave to File Under Seal Opposition") [355], on the May 8, 2014, Order of Senior United States District Judge Robert L. Vining, Jr. [363], and on the Parties' Joint Status Report Pursuant to the Court's May 8, 2014, Order [366].

AO 72A
(Rev.8/8

## I.    Background

On January 13, 2014, Defendants filed their Motion to File Excess Pages.  (Docket Entry No. 252.)   On January 15, 2014, Plaintiffs filed their Motion for Summary Judgment on Equitable Defenses.  (Docket Entry No. 256.)  On that same day, Defendants filed their Motion for Summary Judgment.  (Docket Entry No. 257.)  On January 16, 2014, Plaintiffs filed Plaintiffs' Motion to Strike.  (Docket Entry No. 261.)

On March 3, 2014, Plaintiffs filed Plaintiffs' Motion to Exclude.  (Docket Entry No. 314.)  On March 5, 2014, Defendants filed their Motion to Exclude Jarosz.  (Docket Entry No. 320.)  On that same day, Defendants filed their Motion to Exclude Wickett (Docket Entry No. 321) and their Motion to Strike Bowman (Docket Entry No. 322).

On March 13, 2014, Plaintiffs filed their Motion for Leave to File Under Seal Reply.  (Docket Entry No. 324.)  On March 20,

4

2014, Plaintiffs filed their Motion for Leave to File Under Seal Submission.  (Docket Entry No. 330.)

On April 1, 2014, Defendants filed their Motion for Leave to File Supplemental Briefs and Preclude Evidence of Secondary Considerations.  (Docket Entry No. 341.)  On April 18, 2014, Plaintiffs filed their Motion for Leave to File Under Seal Opposition. (Docket Entry No. 355.)

On May 8, 2014, Senior United States District Judge Robert L. Vining entered an Order that stated, in relevant part:

> Within 14 days of the docketing of this order, the court DIRECTS the parties to file a joint status report informing the court whether they consent to the appointment of a Special Master pursuant to Rule 53 of the Federal Rules of Civil Procedure.  If the parties consent to the appointment of a Special Master, the joint status report should also outline the mechanism for selecting the Special Master and the scope of such appointment.  If the parties are not willing to consent to the appointment of a Special Master, the court will recuse and this matter will be reassigned to another judge of this district.

AO 72A
(Rev.8/8

(Order of May 8, 2014 (Docket Entry No. 363) at 2 (capitalization in original).)   On May 22, 2014, the Parties submitted their Joint Status Report.  (Docket Entry No. 366.)  Plaintiffs consented to the appointment of a Special Master to resolve the outstanding motions and to prepare the case for trial.  (Id. at 2.)  Defendants consented to the use of a United States Magistrate Judge to assist in resolving the outstanding motions, but objected to the appointment of a Special Master.  (Id. at 3.)  It does not appear that Judge Vining acted on the Joint Status Report or on the May 8, 2014, Order.  (See generally Docket.)

Judge Vining retired, and the Clerk temporarily assigned the case to the undersigned following Judge Vining's retirement.  (Unnumbered Docket Entry Dated Aug. 29, 2014.)  In the interest of moving the case forward, the Court enters this Order.

6

## II.   Discussion

The Court grants Defendants' Motion for Leave to File Excess Pages, <u>nunc pro tunc</u> to January 15, 2014, the date that Defendants filed their reply in support of the Motion.  In granting the Motion, the Court expresses no opinion on the Parties' various disputes and assertions.  The Court simply observes that in the general course of practice, a motion for leave to exceed the page limits should not require a contentious response in opposition and an equally contentious reply in support of it.  The Court expects counsel practicing before the Court to exhibit professionalism and courtesy and to resolve such an issue without requiring the Court's intervention.

Similarly, the Court grants Plaintiffs' Motion for Leave to File Under Seal Plaintiffs' Reply, Plaintiffs' Motion for Leave to File Under Seal Submission, and Plaintiffs' Motion for Leave to File Under Seal Opposition.  The Court also grants Defendants' Motion

7

AO 72A

(Rev.8/8
2)

for Leave to File Supplemental Briefs.  The Court, once again, expresses no opinion on the merits of any of the arguments contained in any of those motions or the supporting briefs, or in the responses opposing those motions.

Plaintiffs' Motion for Summary Judgment on Equitable Defenses, Defendants' Motion for Summary Judgment, Plaintiffs' Motion to Strike, Plaintiffs' Motion to Exclude, Defendants' Motion to Exclude Jarosz, Defendants' Motion to Exclude Wickett, Defendants' Motion to Strike Bowman, and Defendants' Motion to Exclude Evidence of Secondary Considerations currently all appear on the Court's six-months' list, with a deadline of September 30, 2014, to resolve the Motions.  Those Motions present serious, substantive issues of law that will be extremely time-consuming and complex for the Court and its staff to resolve.  Given the demands of the Court's pre-existing caseload and the demands of other cases recently reassigned to the Court after Judge Vining's

8

retirement, the Court cannot reasonably issue an Order that resolves all of those Motions by September 30, 2014. The Court consequently will deny those Motions without prejudice, and the Parties may renew the Motions by filing a one-page document indicating the Parties' intent to renew the Motions. Similarly, the Parties may renew their responses and replies to the Motions by filing one-page documents indicating their intent to renew the responses and replies.

The Court has reviewed the Parties' Joint Status Report and the Parties' positions concerning appointment of a Special Master. At this time, the Court declines to burden a United States Magistrate Judge by referring this action for issuance of a Report and Recommendation and for resolution of the Parties' various pretrial disputes. All of the United States Magistrate Judges in this District have extremely heavy caseloads, and so far as the Court is aware, none of those Magistrate Judges have a burning desire to

9

add to their workloads by taking a complex, time-consuming patent case on referral.  The Court will revisit the possibility of appointing a Special Master to handle the Parties' various Motions once the Parties renew the Motions.[1]

## III.   Conclusion

ACCORDINGLY, the Court **GRANTS** Defendants' Motion to File Excess Pages filed by Defendants [252], nunc pro tunc to January 15, 2014.  The Court **GRANTS** Plaintiffs' Motion for Leave to File Under Seal Plaintiffs' Reply [324], **GRANTS** Plaintiffs' Motion for Leave to File Under Seal Submission [330], **GRANTS** Defendants' Motion for Leave to File Supplemental Briefs [341-1], and **GRANTS** Plaintiffs' Motion for Leave to File Under Seal Opposition [355].   The Court **DENIES WITHOUT PREJUDICE**

---

[1]The Court is handling this matter on a temporary basis pending the appointment of new United States District Judges for this District, an event that hopefully will occur in short order.  It is quite possible that this case will be reassigned to yet another district judge before the Special Master issue presents itself again.

AO 72A
(Rev.8/8
2)

Plaintiffs' Motion for Summary Judgment on Equitable Defenses [256], **DENIES WITHOUT PREJUDICE** Defendants' Motion for Summary Judgment [257], **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion to Strike [261], **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion to Exclude [314], **DENIES WITHOUT PREJUDICE** Defendants' Motion to Exclude Jarosz [320], **DENIES WITHOUT PREJUDICE** Defendants' Motion to Strike Bowman [322], **DENIES WITHOUT PREJUDICE** Defendants' Motion to Exclude Wickett [321 ], and **DENIES WITHOUT PREJUDICE** Defendants' Motion to Exclude Evidence of Secondary Considerations [341-2], subject to renewal as discussed in the body of this Order.

IT IS SO ORDERED, this the _5_ day of September, 2014.

_____

UNITED STATES DISTRICT JUDGE

11