IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BAYER HEALTHCARE PHARMACEUTICALS, INC., et al.., <br><br> Plaintiffs, <br><br> v. <br><br> RIVER'S EDGE PHARMACEUTICALS, LLC, et al. <br><br> Defendants. | Case No.:  11-cv-01634-LMM |

## DEFENDANTS' MOTION FOR RECONSIDERATION

Defendants respectfully move this Court to reconsider that portion of its May 10, 2017 Order (Dkt. 555) addressing Defendants' argument that there is more than one way to measure the term of degree, "lightly cross-linked", in the final disputed claim term "lightly crosslinked polyacrylic acid polymer" of U.S. Patent No. 6,387,383 ("the '383 patent").  The Court appears to have taken an off-handed statement by Counsel for Defendants that was meant to indicate the Court properly rejected the construction reached in the *Medicis* Action[1] based on the unique procedural posture of this case as a substantive concession by Defendants that the *Medicis* construction was not a viable construction for the disputed claim term in the '383 Patent.  The heightened significance attributed to Defendants'

---

[1] *Medicis Pharmaceutical Corp. et al. v. Actavis Mid Atlantic LLC*, No 11-409, LPS-CJB (D. Del) ("Medicis"), [Dkt. 143] at ¶ 3.

Counsel's statements appears to have been outcome determinative, as it was cited as justification for why the sole remaining term to be construed is not indefinite under *Dow*[2] and *Teva*.[3]

## STANDARD FOR SUBMISSION

This Court's Local Rules provide that "Motions for reconsideration shall not be filed as a matter of routine practice," but only when "a party or attorney for a party believes it is absolutely necessary."  L.R. 7.2(E).

## BRIEF STATEMENT OF GROUNDS FOR RECONSIDERATION

Defendants request that this Court reconsider its determination that the "lightly cross-linked" term is not indefinite as a term of degree subject to multiple metrics which yield different results for two reasons.

First, the Court's rejection of the argument that the disputed claim term could be properly measured in terms of viscosity appears to be based exclusively on an off-handed remark made by Defendants' counsel at the supplemental claim construction hearing, during which counsel said that this Court rejected the viscosity construction in *Medicis* for "some pretty good reasons".  (*See* Dkt. 555 at 11 (citing Dkt. No. [547-4] (portions of hearing transcript) at 12:22-23)).  This Court construed this comment as an admission by Defendants "that the *Medicis*

---

[2] *Dow Chemical Co. v. Nova Chemicals Corp.* (Canada), 803 F.3d 620 (Fed. Cir. 2015)
[3] *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335 (Fed. Cir. 2015)

construction was [substantively] inappropriate" for the '383 Patent. (Dkt. 555 at 12), and did not consider it further. (*See* Dkt. 555). Counsel's comment, however, was based on and in deference to the particular *legal* history and posture of this case[4] – it was neither an admission that the *Medicis* construction was incorrect nor a concession that a person of skill in the art (POSITA) would not find the *Medicis* construction to be equally viable to the construction presented by Plaintiffs.

In fact, Defendants have never conceded that the *Medicis* construction was scientifically or factually inappropriate and have consistently maintained it is relevant to the issues before this Court on supplemental claim construction. Indeed, in post-hearing briefing, Defendants squarely addressed Plaintiffs' contention that "Defendants have conceded that the [] *Medicis* construction is wrong", unequivocally stating that Plaintiffs were incorrect [Dkt. 548 at 22] and stating as follows:

> While the Special Master and this Court chose not to adopt the construction in *Medicis* (because it excluded certain Carbopols® based on this Court's prior orders and the intervening Federal Circuit authority on disclaimer), Bayer cannot pretend that it does not exist and is not relevant to questions before this Court.

---

[4] As the Court summarized the Special Master's decision to reject the Medicis construction in this case: "The *Medicis* magistrate judge accepted that construction because he found it excluded certain CARBOPOLS, including CARBOPOLs 980 and 974P, which this Court has found were not specifically disclaimed here. See Dkt. No. [487] at 17. Reasoning that because (1) this Court has already stated CARBOPOLs 980 and 974P were not specifically disclaimed, and (2) the *Medicis* judge accepted the above construction because it did exclude those CARBOPOLs, the Special Master asked Defendants to try again." [Dkt. 518 at 3].

3

[Dkt. 548 at 23]. Counsel's off-handed[5] remark at the supplemental claim construction hearing was **not** intended to remove from this Court's consideration the fact that the *Medicis* Court found that measuring cross-linking density in terms of viscosity made the most sense in light of the of the intrinsic record[6] of the '383 Patent, which describes the level of cross-linking in relation to viscosity (*See* '383 Patent, col. 4:34-36), or that application of the viscosity metric yields different results than the monomer weight to crosslinking weight ratio recommended by the Special Master and adopted by this Court.

Second, full consideration of the record before this Court, which includes the *Medicis* construction, is necessary to make the critical factual determination of whether the disputed claim is indefinite under *Dow Chemical Co. v. Nova Chemicals Corp.* (Canada), 803 F.3d 620 (Fed. Cir. 2015) and *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 789 F.3d 1335 (Fed. Cir. 2015). As succinctly and correctly

---

[5] Defendants also note this Court's disparate treatment of off-handed comments its consideration of the parties' arguments regarding alternative metrics to measure "lightly cross-linked." While this Court relied in part on the fact that Dr. Bowman's statement during his deposition that mole percentage could be used to measure cross-linking was an "off-hand comment" to dismiss mole percentage as a viable alternative metric (Dkt. 555 at 12); it simultaneously used counsel's off-hand remark from two lines in a hearing transcript as a substantive concession that this Court should disregard a critical arguments and portions of the record repeatedly referenced and raised by Defendants before and after the hearing. *See, e.g.*, Dkt. 542 at 25-26, Dkt. 548 at 22-23.

[6] See *Medicis Pharmaceutical Corp. et al. v. Actavis Mid Atlantic LLC*, No 11-409, LPS-CJB (D. Del) Dkt. 111, Dkt 143 (Dkt. 542-5; 542-6).

summarized by this Court, in *Dow* and *Teva*, the Federal Circuit held patents indefinite where "the patents did not specify how to calculate a measurement when there were admittedly multiple ways to do so that yielded different results." (Dkt. 555 at 10).

Here, there is no dispute that the '383 Patent fails to specify how to measure cross-linking density. The question then becomes whether there is evidence that a POSITA would find there is more than one way to measure whether a polymer is lightly cross-linked, and if so, whether the different measuring methods lead to different results. This Court previously found that "Defendants have not produced any evidence that that POSITA would view viscosity [] as the appropriate way to determine whether a polymer is lightly crosslinked" citing as the sole reason that " as to viscosity, Defendants have admitted that the *Medicis* construction was inappropriate." (Dkt. 555 at 11 (citing Dkt. No. [547-4] (portions of hearing transcript) at 12:22-23)).

In light of the foregoing clarification of Counsel's statement, this Court should consider the *Medicis* construction as evidence that one court has already found that a POSITA would view viscosity as the appropriate way to determine whether a polymer is lightly crosslinked[7] while the Special Master and this Court

---

[7] See *Medicis Pharmaceutical Corp. et al. v. Actavis Mid Atlantic LLC*, No 11-409, LPS-CJB (D. Del) (Dkt. 542-6 at 17).

5

have found that a POSITA would view monomer weight to crosslinking weight ratio as the appropriate way to determine cross-linking density.[8]

Moreover, as in *Dow* and *Teva*, the different methods of measurements here yield two very different results. Specifically, the viscosity measurement adopted in *Medicis* excludes certain Carbopols® while the construction recommended by the Special Master spans the entire class of Carbopol® polymers.

Thus, consideration of the full record before this Court shows that there are at least two ways to measure cross-linking density, the '383 Patent fails to provide guidance as to which metric to use, and claim scope varies based on which metric is used. Defendants submit that these facts compel a finding of indefiniteness under *Nautilus*[9] and its progeny.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court reconsider the portion of its Order addressing Defendants' argument that there is more than one way to measure to cross-linking density and find the "lightly cross-linked" term to be indefinite.

---

[8] Dkt. 541 at 2; Dkt. 555at 14.
[9] *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2130 (2014).

Dated: June 7, 2017

                                                BAKER, DONELSON, BEARMAN,
                                                CALDWELL & BERKOWITZ, P.C.

                                                /s/ *Robert G. Brazier*
                                                Robert G. Brazier
                                                Georgia Bar No. 078938
                                                rbrazier@bakerdonelson.com
                                                Steven G. Hall
                                                Georgia Bar No. 319308
                                                shall@bakerdonelson.com
                                                Nigamnarayan Acharya
                                                nacharya@bakerdonelson.com
                                                Ga Bar No. 001469
                                                Suite 1600, Monarch Plaza
                                                3414 Peachtree Road, N.E.
                                                Atlanta, GA 30326
                                                404.577.6000 (Telephone)
                                                404.221.6501 (Facsimile)
                                                *Counsel for Defendants*

## **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 Point) approved by the Court in Local Rule 5.1 (C) and 7.1 (D).

This 7th day of June, 2017.

                                              BAKER, DONELSON, BEARMAN,
                                              CALDWELL & BERKOWITZ, P.C.

                                              /s/ *Robert G. Brazier*
                                              Robert G. Brazier
                                              Georgia Bar No. 078938
                                              rbrazier@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2017 I electronically filed **DEFENDANTS' MOTION FOR RECONSIDERATION** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record.

This 7th day of June, 2017.

/s/ *Robert G. Brazier*
Robert G. Brazier
Georgia Bar No. 078938
rbrazier@bakerdonelson.com