IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BAYER HEALTHCARE PHARMACEUTICALS, INC., et al.., | |
| Plaintiffs, | |
| v. | Case No.:  11-cv-01634-LMM |
| RIVER'S EDGE PHARMACEUTICALS, LLC, et al. | |
| Defendants. | |

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR RECONSIDERATION**

Defendants' Motion for Reconsideration presented a limited and discrete issue. The underlying question of definiteness at issue here is whether a person of skill in the art would recognize more than one method by which to measure cross-link density that would reach different results and, if so, whether the '383 Patent points to which method to use.  In rejecting Defendants' contention that there is more than one way to measure cross-link density, the Court appears to have treated an off-handed remark by Defendants' Counsel as an admission that one of the potential methods of measurement (viscosity) was not viable.  As Defendants' Counsel did not make, or intend to make, such an admission, Defendants filed the Motion for Reconsideration.

In brief, if the Court made its determination based on a belief that Defendants conceded that viscosity was not a means by which to measure cross-link density, Defendants request that it be reconsidered.  While counsel can make an admission during oral arguments, it must be unequivocal and unambiguous to be binding. *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997); *accord*, *Mformation Techs., Inc. v. Research in Motion Ltd.,* 764 F.3d 1392, 1396 (Fed. Cir. 2014); *Florida Paraplegic, Ass'n, Inc. v. Miccosukee Tribe of Indians of Florida*, 166 F.3d 1126, 1128 (11th Cir. 1999)(applying rule to statements made in trial courts).  No such unequivocal and unambiguous admission was intended or made by Defendants' Counsel.

Plaintiffs raise multiple collateral issues in their Response, ranging from the standard for motions for reconsideration to claims of litigation misconduct. Defendants believe the discrete and potentially dispositive question raised by the Motion warrants reconsideration under the standard set forth in the Local Rules, and filed the Motion in good faith.

Moreover, while Defendants deny litigation misconduct, in an effort to avoid expending the Court's time on issues that are outside the scope of the current Motion, Defendants will not address these allegations in this Reply.  Should the

Court believe a response to the allegations is warranted, Defendants will respond as directed.

Dated:      July 5, 2017

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

/s/ *Robert G. Brazier*
Robert G. Brazier
Georgia Bar No. 078938
rbrazier@bakerdonelson.com
Steven G. Hall
Georgia Bar No. 319308
shall@bakerdonelson.com
Nigamnarayan Acharya
nacharya@bakerdonelson.com
Ga Bar No. 001469
Suite 1600, Monarch Plaza
3414 Peachtree Road, N.E.
Atlanta, GA 30326
404.577.6000 (Telephone)
404.221.6501 (Facsimile)
*Counsel for Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 Point) approved by the Court in Local Rule 5.1 (C) and 7.1 (D).

This 5th day of July, 2017.

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

/s/ *Robert G. Brazier*
Robert G. Brazier
Georgia Bar No. 078938
rbrazier@bakerdonelson.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 5, 2017, I electronically filed **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record.

This 5th day of July, 2017.

/s/ *Robert G. Brazier*
Robert G. Brazier
Georgia Bar No. 078938
rbrazier@bakerdonelson.com